J-S18030-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHARLES PARKER | |
| Appellant | No. 2232 EDA 2016 |

Appeal from the PCRA Order dated June 22, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0409341-2001

BEFORE: PANELLA, J., SOLANO, J., and FITZGERALD, J.[*]

MEMORANDUM BY SOLANO, J.:                              **FILED MAY 31, 2017**

Appellant, Charles Parker, appeals *pro se* from the order dismissing as untimely his second petition for post-conviction relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–46.  We affirm.

On December 7, 2001, following a bench trial, Appellant was found guilty of one count of aggravated assault and one count of possessing an instrument of crime.[1]  ***See Commonwealth v. Parker***, 23 A.3d 573 (Pa. Super. 2010) (unpublished memorandum at 2).  On August 12, 2002, the trial court sentenced Appellant to eight to twenty-two years' incarceration for aggravated assault, and a consecutive one to two years' incarceration for possessing an instrument of crime.  ***Id.***  This Court affirmed Appellant's

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2702 and 907.

judgment of sentence on direct appeal.[2]  **Id.**  Appellant petitioned the Supreme Court for allowance of appeal.  The Supreme Court denied the petition for allowance of appeal on November 30, 2011.

On June 14, 2012, Appellant filed a timely PCRA petition.  Thereafter, Appellant obtained counsel and amended PCRA petitions were filed on April 11, 2013, May 5, 2014 and June 9, 2014.  On January 21, 2015, the PCRA court issued notice of its intent to dismiss the petition pursuant to Pa.R.Crim.P. 907, and entered an order doing so on April 17, 2015. Appellant did not file an appeal.

On December 3, 2015, Appellant filed the PCRA petition presently before us.  On May 31, 2016, the PCRA court issued notice of its intent to dismiss the petition pursuant to Pa.R.Crim.P. 907, and dismissed the petition on June 22, 2016.  This timely appeal followed.

Appellant has not included a statement of questions involved in his brief as prescribed by Pa.R.A.P. 2119(a)(4).  However, Appellant argues that the PCRA court erred in dismissing his PCRA petition as untimely because he has "a constitutionally protected right to review."  Appellant's Brief at 3-4. Appellant references his unsuccessful first PCRA petition, characterizes its dismissal as "misconduct" by the PCRA court, and references the PCRA court's "impropriety" and "impartiality."  **Id.** at 7-14.  Appellant appears to imply that since his first PCRA petition was timely, he has circumvented the

---

[2] Appellant's direct appeal rights were reinstated *nunc pro tunc*.

timeliness requirement of the PCRA. ***See*** Appellant's Brief at 4 ("I will start from the PA Supreme Court's denial of my Allowance of Appeal and subsequent filing of my initial timely PCRA petition and all amendments in order to show and prove petitioner's timeliness").

It is well-settled that the timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010) (citation omitted). If a petition is untimely, neither an appellate court nor the PCRA court has jurisdiction to consider the petition. ***Id.*** "Without jurisdiction, we simply do not have the legal authority to address the substantive claims" raised in an untimely petition. ***Id.*** Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, an exception to the time for filing the petition. ***Commonwealth v. Gamboa–Taylor,*** 753 A.2d 780, 783 (Pa. 2000); 42 Pa.C.S. § 9545(b)(1). Under these exceptions, the petitioner must plead and prove that: "(1) there has been interference by government officials in the presentation of the claim; or (2) there exists after-discovered facts or evidence; or (3) a new constitutional right has been recognized." ***Commonwealth v. Fowler***, 930 A.2d 586, 591 (Pa. Super. 2007) (citations omitted). A PCRA petition invoking one of these statutory exceptions must "be filed within sixty days of the date the claim first could have been

presented." ***Gamboa–Taylor****,* 753 A.2d at 783. ***See also*** 42 Pa.C.S. § 9545(b)(2).

The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on November 30, 2011. Appellant did not file a petition for writ of *certiorari* with the United States Supreme Court, and as a result, his judgment of sentence became final 90 days later — on Tuesday, February 28, 2012. ***See*** U.S. Sup. Ct. R. 13; 42 Pa.C.S. § 9545(b)(3). Appellant had to file his PCRA petition within one year of that date — that is, by February 28, 2013 — for it to be timely. 42 Pa.C.S. § 9545(b)(1). Because Appellant filed the instant petition on December 3, 2015, his petition is untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies.

Beyond his generalized argument regarding due process and his "constitutionally protected right to review," Appellant assails the PCRA court's impropriety and impartiality, seeks a remand and post-conviction relief, and requests recusal of the PCRA court. However, Appellant fails to address, discuss, or explain — to plead and to prove — how his PCRA petition falls within a statutory exception to the PCRA's time bar. The PCRA court explained:

> The petition was properly dismissed as being untimely. The second PCRA petition was not filed within one year from the date the judgment of sentence became final. As a result, one of the three exceptions to the timeliness rule, 42 Pa. Cons. Stat. § 9545(b)(1)(i)-(iii) had to apply and did not. [Appellant] has failed to plead an exception much less meet his burden of proof

and has failed to prove that the filing period should be extended as permitted in the case of the Post Conviction Relief Act, 42 Pa. Cons. Stat. Ann. § 9541 et seq. Since the time restrictions under the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa. Cons. Stat. § 9541 et seq., are jurisdictional; this PCRA court lacked jurisdiction to address the claims raised in the untimely petition.

PCRA Court Opinion, 9/29/16, at 3.

The record supports the determination of the PCRA court. Accordingly, because Appellant's PCRA petition is untimely and he has failed to establish the applicability of any exception to the statutory time bar, we affirm the PCRA court's dismissal of Appellant's second PCRA petition.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/31/2017